IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PHILIP FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:24-cv-06144-RK |
| | ) |
| AMAZON.COM SERVICES LLC, ABC, INC 1-10, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are (1) Defendant Amazon Logistics, Inc.'s[1] motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and (2) Plaintiff Philip Ford's motion for leave to file a first amended complaint. (Docs. 29, 43.) The motions are fully briefed. After careful consideration and for the reasons explained below, the Court **ORDERS** that the motion to dismiss is **GRANTED**, the motion for leave is **DENIED**, and this case is **DISMISSED without prejudice**.

## Background

Plaintiff Philip Ford provided package delivery services for Defendant as a "contracted service provider" through a third-party contractor, Running Lanes, LLC. (Doc. 1 at ¶¶ 1, 7.) On January 23, 2024, Plaintiff arrived at Defendant's "KMCI facility" located near the Kansas City International Airport to pick up packages to make deliveries for Running Lanes. (*Id.* at ¶¶ 9-10.) While picking up packages at the KMCI facility, Defendant's employees "unwittingly took Plaintiff's pallet jack . . . leaving Plaintiff with no way to load and unload his truck . . . ." (*Id.* at ¶ 11.) Plaintiff did not realize his pallet jack was missing until he arrived at an Amazon facility located in Lenexa, Kansas, the "MCI5 facility." (*Id.* at ¶¶ 12, 15.) After realizing that his own pallet jack was missing, "Plaintiff borrowed a pallet jack from [the MCI5] facility." (*Id.* at ¶ 15.) Plaintiff alleges that he "fully expected to return the pallet jack to the MCI5 facility as soon as his pallet jack was returned from the KMCI facility." (*Id.* at ¶ 17.)

---

[1] Defendant Amazon Logistics, Inc. states that it was "incorrectly identified as "Amazon.com Services, LLC" in the Complaint. (Doc. 29 at 1.) Plaintiff did not make any argument or suggestion to the contrary in his response to the motion to dismiss; however, Plaintiff has named Amazon Logistics, Inc. and Amazon.com, Inc. in his proposed amended complaint. (Doc. 43-1.)

While at the MCI5 facility and after taking the pallet jack, Plaintiff was "confronted by a [hostile] white female employee," who "appears to have reported" that Plaintiff stole the MCI5 facility pallet jack. (*Id.* at ¶ 16.) Plaintiff returned the MCI5 facility pallet jack two days later even though he still did not have his own pallet jack that had been "unwittingly" taken by employees at the KMCI facility. (*Id.* at ¶ 18.) The next day, Plaintiff was "permanently banned from all of Defendant Amazon's facilities and charged with a Category 1 violation." (*Id.* at ¶ 19.) The ban was reversed after Plaintiff appealed the decision and Plaintiff was reinstated as a contractor. (*Id.* at ¶¶ 20-21.) Plaintiff alleges that after he had resumed work, he was "again confronted by the white female employee [at the MCI5 facility] who had initially reported him, presumably for theft." (*Id.* at ¶ 22.) Plaintiff alleges that he explained to the employee that his ban had been appealed and reversed, to which the employee responded, "we'll see about that." (*Id.* at ¶ 23.) On February 21, 2024, Plaintiff was notified that the ban had been reinstated and that he "was personally banned from being present at any of Defendant Amazon's facilities." (*Id.* at ¶ 24.) Plaintiff alleges, upon information and belief, that the employees who took his pallet jack while he was at the KMCI facility—who are "not black"—engaged in theft or conversion under Amazon's rules, policies, and procedures, but that they were not disciplined or reprimanded, unlike Plaintiff. (*Id.* at ¶¶ 13-14.)

On November 4, 2024, Plaintiff filed a one-count Complaint alleging discrimination under 42 U.S.C. § 1981.[2] On July 18, 2026, Amazon filed its motion to dismiss, arguing that Plaintiff's Complaint fails to state a claim. (Docs. 29, 30.)

After the motion to dismiss was fully briefed, Plaintiff filed his motion for leave to file a first amended complaint pursuant to Rule 15(a)(2). (Doc. 43.) If allowed, the amended complaint would add a claim alleging retaliation for filing his original Complaint in violation of § 1981.[3] (Doc. 43-1.) The amendments do not propose to alter Plaintiff's discrimination claim. Amazon opposes the motion on the grounds that, (1) as to the unaltered discrimination claim, it still fails to state a claim for the reasons argued in its motion to dismiss, and (2) as to the proposed retaliation claim, it is futile because Plaintiff lacks standing and it fails to state a claim for § 1981 retaliation. (Doc. 45.)

---

[2] Amazon previously moved to compel arbitration; however, on June 26, 2026, the Court denied the motion. (Docs. 8, 26.)

[3] The amended complaint would also add subsidiaries of Amazon.com, Inc. as defendants.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a party's claims for "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint … does not need detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Bell*, 550 U.S. at 545. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562. Under Rule 12(b)(6), the Court must accept Plaintiff's "factual allegations as true" and "constru[e] all reasonable inferences in favor" of Plaintiff as the non-moving party. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Generally, a district court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Cheeks v. Belmar*, 162 F.4th 899, 907 (8th Cir. 2025) (quoting *Mt. Hawley Ins. Co. v. City of Richmond Heights*, 92 F.4th 763, 769 (8th Cir. 2024)).

## Discussion

### I. § 1981 Discrimination Claim

Defendant argues that Plaintiff fails to state a claim of race discrimination under § 1981 because (1) he does not plausibly allege sufficient facts that intentional race discrimination was the "but for" cause of the facility ban, and (2) he does not plausibly allege sufficient facts that the facility ban interfered with his right to engage in protected contractual activities.

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so

long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). To establish a race discrimination claim under § 1981, a plaintiff must plead facts plausibly showing: "(1) membership in a protected class; (2) discriminatory intent on the part of the defendant; (3) engagement in a protected activity; and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009) (internal citations omitted).

### A. Intentional "But For" Race Discrimination

Defendant argues first that Plaintiff failed to allege any facts, which taken as true, would establish the intentional discrimination requirement of a § 1981 race-discrimination claim. As the Supreme Court has recognized, § 1981, "like the Equal Protection Clause, can be violated only by purposeful discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982). For a § 1981 claim, then, "a plaintiff bears the burden of showing that race was a but-for cause of its injury . . . [and this] burden itself remains constant." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020).

To satisfy the "discriminatory intent" element of his § 1981 claim, Plaintiff argues that the Complaint "support[s] a plausible inference of racial animus" because (1) the employee who accused him of stealing the MCI5 pallet jack was white and was "hostile" towards him, including by responding "we'll see about that" when Plaintiff told her the initial ban had been lifted, and (2) the other "non-black" Amazon employees who took Plaintiff's pallet jack at the KMCI facility were not disciplined or terminated. The Court is not persuaded that these allegations plausibly show that Plaintiff was subjected to targeted racial discrimination. *See Combs v. The Cordish Companies, Inc.*, 862 F.3d 671, 684 (8th Cir. 2017) (noting that "the question is not whether Combs has presented evidence of discriminatory conduct on the part of defendants," but rather is "whether he has shown that he personally was the target of [racial discrimination]").

Plaintiff's allegations regarding the white "hostile" employee who accused him of stealing the MCI5 pallet jack and who reported him for stealing are conclusory and do not give rise to any inference of racial discrimination beyond mere speculation. *See Yang v. Robert Half Int'l, Inc.,* 79 F.4th 949, 962 (8th Cir. 2023) (finding "speculative and unsupported" inferences of race discrimination based on co-worker's use of slurs directed to an Asian employee where "there are no allegations or facts in the record tying these slurs to Yang's race"). Plaintiff alleges no facts tying the MCI5 facility employee's alleged acts—including confronting Plaintiff in an unspecified

"hostile" manner, reporting Plaintiff for taking the MCI5 facility pallet jack, and seeking to reinstate the overturned ban, even if true—to Plaintiff's race, let alone that *Defendant* reinstated the ban because of Plaintiff's race and its own discriminatory intent.[4]

Plaintiff also alleges that he was punished more strictly for taking the MCI5 facility pallet jack, presumably in violation of Defendant's policies, than the non-black employees at the KMCI facility who took *Plaintiff's* pallet jack. "[T]o create an inference of racial discrimination based on disparate treatment of fellow employees, the plaintiff[] must show that [he] w[as] treated differently than *similarly situated persons* who are not members of the protected class." *Bennett v. Nucor Corp.*, 656 F.3d 802, 819 (8th Cir. 2011) (internal citation omitted; emphasis added). "In a case involving allegations of discriminatory disciplinary practices, [to find that employees are] similarly situated, the comparable employees must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Id.* (quoting *Tolen v. Ashcroft*, 377 F.3d 879 (8th Cir. 2004)).

Plaintiff does not allege facts showing that Plaintiff and the KMCI facility-employees are similarly situated to plausibly raise an inference of racial discrimination based on disparate treatment. First, Plaintiff and the KMCI facility-employees are not similarly situated in relation to Defendant—Plaintiff as a subcontractor and the KMCI facility employees as employees of Defendant. Nor does Plaintiff allege that they engaged in the same underlying conduct—Plaintiff alleges that his pallet jack was taken by KMCI facility employees "unwittingly," whereas Plaintiff intentionally took the MCI5 facility pallet jack, albeit "fully expect[ing] to return [it] . . . as soon as his pallet jack was returned from the KMCI facility." (Doc. 1 at ¶ 17.) Plaintiff's allegation that these other employees were "accused of similar and worse violations," (*id.* at ¶ 28), is simply implausible and not supported by any properly pleaded facts.

> B.      Interference with Protected Contractual Activities

Even if Plaintiff had sufficiently plead and established that Defendant intentionally discriminated against him, the Court would alternatively find that dismissal is warranted because Plaintiff has failed to plausibly allege interference with his contractual activities.

---

[4] To the extent Plaintiff's Complaint "identifies [an] independent non-discriminatory reason[]" for the ban—that Plaintiff took the MCI5 facility pallet jack with him when he left the facility—the conclusory allegation that Defendant discriminated against him based on his race is even more "implausible," even if it were better supported by other factual allegations. *FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 622 (8th Cir. 2019).

Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without regard to race. "The term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). To satisfy the interference-element of a § 1981 claim, Plaintiff must allege facts showing that Defendant "thwarted" the protected activity, in this case Plaintiff's subcontracts with Running Lanes.[5] *See Gregory*, 565 F.3d at 471. The Eighth Circuit has previously held that a "plaintiff's] status as an independent contractor . . . does not preclude [him] from pursuing a claim under section 1981." *Wortham v. Am. Fam. Ins. Grp.*, 385 F.3d 1139, 1141 (8th Cir. 2004). Nonetheless, to state a claim under § 1981 Plaintiff "must identify injuries flowing from a racially motivated breach of [his] own contractual relationship." *Domino's*, 546 U.S. at 480.

Even accepting all of Plaintiff's allegations as true, the Complaint does not contain sufficient factual matter to draw an inference that the facilities ban interfered with his performance of any existing contract. These allegations include: "Plaintiff's contractual agreements with the Contract Service Providers with whom he works have been substantially impaired[,]" (*id.* at ¶ 8), "Plaintiff's livelihood and business have been threatened due to substantially decreased revenue[,]" (*id.*), and that "being banned from providing services at Defendant Amazon's facilities result[ed] in the interference with Plaintiff's contractual employment with Running Lanes LLC," (*id.*, at ¶ 25). These allegations are largely "labels and conclusions" that are insufficient to withstand a 12(b)(6) motion and are mere legal conclusions couched as factual allegations. *Bell*, 550 U.S. at 545. In short, Plaintiff has not plausibly alleged that Defendant's facilities ban

---

[5] Plaintiff also alleges, with no other factual allegations in support, that his ban from Defendant's facilities interfered with "the operation of his own company Said Bluntly Trucking, LLC." (Doc. 1 at ¶ 28.) As best as the Court can discern, Plaintiff's theory appears to be that because he was personally banned from Defendant's facilities, Said Bluntly Trucking, LLC—of which Plaintiff is the sole member—was consequently or effectively banned as well. As the Court previously noted in an earlier order denying Defendant's motion to compel arbitration, Plaintiff brought this lawsuit only in his individual capacity. (*See* Doc. 1 at ¶ 1.) The "d/b/a" designation Plaintiff included in the case caption—i.e., naming the plaintiff as "Phillip Ford d/b/a Said Bluntly Trucking, LLC"—has no legal significance. *See Charter Oak Fire Ins. Co. v. Allied World Nat'l Assurance Co.*, No. 21-CV-4219 (JPO), 2023 WL 2647865, at *8 (S.D.N.Y. Mar. 27, 2023) (recognizing "there is no legal difference between 'Stickley' and 'Stickley Audi'" where L&JG Stickley, Inc. was otherwise referred to as "L&JG Stickley, Inc., d/b/a Stickley & Audi Co."); *TicketNetwork, Inc. v. Darbouze*, 133 F. Supp. 3d 442, 448 n.6 (D. Conn. 2015) (finding that a defendant named as "doing business as" another entity was "named . . . in his individual capacity"). Plaintiff has not alleged any facts that the alleged facilities ban impacted or interfered with any contract between himself and Said Bluntly Trucking, LLC. *See Domino's*, 546 U.S. at 476.

impaired or impacted any "contractual relationship" to state a claim under § 1981. *Domino's*, 546 U.S. at 480.

Accordingly, because Plaintiff fails to state a claim for § 1981 race discrimination in the Complaint or proposed amended complaint, (1) Defendant's motion to dismiss is **GRANTED**, and (2) Plaintiff's motion for leave to file an amended complaint as to a § 1981 race discrimination claim is **DENIED**.

## II. Proposed § 1981 Retaliation Claim

Plaintiff requests leave to amend his Complaint primarily to add a § 1981 race-retaliation claim, alleging that Defendants have responded to the filing of his original Complaint by: (1) restricting his access to loads; (2) "[f]ollowing a nationwide Amazon application outage, Plaintiff's company rating was affected, and Defendants have failed and refused to communicate with Plaintiff regarding the reason for the company rating," thereby impacting his ability to bid on loads; (3) accusing Plaintiff "of brokering a load or loads without evidence"; (4) banning Plaintiff "from weekly contracts"; and (5) blocking his "access to assigned blocks." (Doc. 43-1 at ¶ 36). Defendant asserts that Plaintiff's retaliation claim is futile because it fails to support a causal connection between Plaintiff's filing of his Complaint and Amazon's alleged adverse actions.[6] The Court agrees.

A prima face claim of retaliation requires Plaintiff plead facts that, if true, show "(1) he engaged in statutorily protected activity, (2) suffered an adverse employment action, and (3) that the engagement in a protected activity is the but-for cause of the adverse employment action."

---

[6] Defendant also argues that Plaintiff lacks standing because he has not plausibly alleged that he was injured in his personal capacity as a result of Amazon's actions (rather, the proposed amended complaint describes adverse actions taken against Plaintiff's company, Said Bluntly Trucking, LLC). (Doc. 45 at 10-1). Defendant relies on *Conley v. City of West Des Moines*, 157 F.4th 946 (8th Cir. 2025), a 42 U.S.C. § 1983 action brought by the sole shareholder and the shareholder's corporation against a city, alleging retaliatory termination of the corporation's contract following the shareholder's criticism of local government. The Eighth Circuit affirmed dismissal of the shareholder's § 1983 First Amendment retaliation claim for lack of standing, holding that he did not suffer personal injury from the termination of the contract, rather, the alleged damages were inflicted on the corporation only. *Id.* at 952-56. However, *Conley* is not quite analogous to Plaintiff's situation—Plaintiff plainly alleges that Defendants "have failed and refused to communicate with" *him* and interfered with *his* ability to acquire loads in his personal capacity. Plaintiff alleges that he is an independent contractor who provides delivery services through multiple "Contract Service Providers"—not just Said Bluntly Trucking, LLC. Therefore, it is plausible that Plaintiff could have suffered personal injury outside of his capacity as the sole member of Said Bluntly Trucking, LLC.

*Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023) (citing *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1063 (8th Cir. 1997)).

Insofar as Plaintiff summarily alleges that he engaged in statutorily protected activity by lodging "pre-litigation complaints," he has not plead sufficient facts which plausibly show that he complained of *racial* discrimination to Amazon prior to filing this lawsuit. While the proposed amended complaint mentions an appeal of Amazon's decision to ban him from the facility, it does not explain any basis for the appeal, let alone allege that Plaintiff specifically complained of *race* discrimination as required for a § 1981 race-retaliation claim. *See Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028-29 (8th Cir. 2002) (affirming dismissal of retaliation claim for failure to state a claim where the plaintiff did not expressly attribute her lack of a promotion to sex discrimination, that is, "that she opposed an *unlawful* employment practice prior to her termination"); *Lee v. UMB Bank NA*, No. 4:19 CV 1530 RWS, 2021 WL 351603, at *4 n.6 (E.D. Mo. Feb. 2, 2021) (complaint about a comment did not rise to level of protected activity because it did not mention race) (citing *Smith v. Int'l Paper Co.*, 523 F.3d 845, 849 (8th Cir. 2008) (complaint to human resources which mentioned "yelling, cussing, and hollering," but not race did not constitute protected conduct)).

And similar to his race-discrimination claim, Plaintiff also fails to assert factual allegations which plausibly connect the filing of his Complaint with Amazon's alleged conduct, let alone allegations plausibly suggesting that the commencement of this lawsuit was the but-for cause of Amazon's actions. "A plaintiff must allege but-for causation." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 373 (8th Cir. 2017) (citations omitted). Plaintiff alleges only that Amazon "responded" to his filing of this lawsuit by engaging in the adverse actions set forth above. Moreover, the bulk of the adverse actions alleged by Plaintiff (including that he has been restricted, banned, or blocked from working with Amazon only after filing his Complaint) are belied by the facts plead in his discrimination claim wherein Plaintiff alleges that in January 2024 (almost a year prior to filing his Complaint) he was personally banned from providing services at any Amazon facility immediately after the pallet jack incident. Finally, insofar as Plaintiff argues that he "has alleged that after the filing of the original Complaint, Amazon began treating [him] differently, thereby alleging causation," Plaintiff misstates the requisite causation inquiry and fails to include any dates by which the Court could glean even a close temporal connection. *See Meinen v. Bi-State Dev. Agency*, 101 F.4th 947, 950 (8th Cir. 2024) ("Generally, something more than temporal proximity is required to establish the necessary causal connection," however, where "the complaint

relies on mere temporal proximity and contains no additional allegations of causation, the time between the protected activity and adverse action must be 'very close.'").

Because Plaintiff's proposed claim fails to plausibly allege retaliation under § 1981, the proposed amendment is futile and Plaintiff's motion for leave to amend his Complaint as to a § 1981 retaliation claim is **DENIED**.

## Conclusion

Accordingly, for the reasons explained above, this Court **ORDERS** that (1) Defendant's motion to dismiss, (Doc. 29), is **GRANTED**; (2) Plaintiff's motion for leave to file an amended complaint, (Doc. 43), is **DENIED**; and (3) this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 3, 2026